```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

WILLIS PATRICK,                :    NO. 1:10-CV-00045
                               :
      Plaintiff,               :
                               :    **OPINION AND ORDER**
  v.                           :
                               :
FERGUSON ENTERPRISES, INC.     :
                               :
      Defendant.               :

This matter is before the Court on Defendant's Motion for Reconsideration (doc. 30), Defendant's Motion for Leave to File Supplemental Authority (doc. 31), Plaintiff's Memorandum in Opposition (doc. 32), and Defendant's Reply (doc. 33). For the reasons indicated herein, the Court DENIES Defendants' motions.

**I. Background**

Defendant asks the Court to reconsider its decision denying summary judgment on Plaintiff's retaliation claim, contending that the decision to terminate Plaintiff was not made until Plaintiff told his manager that "you aren't man enough to fire me" (doc. 30). In Defendant's view, its termination decision was completely justified by Plaintiff's insubordination (Id.). Defendant argues the Court's decision amounts to clear error that will result in manifest injustice (Id.). Defendant further seeks to file supplemental authority, the recent decision in Carson v. Ford Motor Co., 2011 U.S. App. LEXIS 2402, No. 09-1853, *1 (6th Cir.

February 7, 2011), which it claims shows it is entitled to summary judgment on Plaintiff's retaliation claim (doc. 31).

Plaintiff responds that the Court properly denied summary judgment as to his retaliation claim based on evidence in the record that could be viewed to show that Defendant made its termination decision prior to Plaintiff's remark (doc. 32).  The record shows Defendant understood Plaintiff intended to exercise his right to complain about age discrimination (Id.).  Plaintiff further contends the Court properly determined that Plaintiff's supervisor's threat to terminate Plaintiff if Plaintiff complained about age discrimination, if believed by a jury, was direct evidence of retaliation (Id.).  Plaintiff argues Defendant's reliance on the Carson decision is misplaced, because unlike such case, here Plaintiff relies on more than a subjective belief to support his claim for retaliation (Id.).

**II. Discussion**

In order to obtain reconsideration of a judicial decision, a party must show 1) new evidence that was not previously available, 2) an intervening change in controlling law, or 3) a decision by the Court that is so clearly erroneous as to work a manifest injustice.  Petition of United States Steel Corp., 479 F.2d 489, 494 (6th Cir.), cert. denied, 414 U.S. 859 (1973). Defendant contends the record evidence shows that the decision to discharge Plaintiff was not made until Plaintiff dared his manager

to fire him, and that Plaintiff was not, in fact, discharged until after Plaintiff made such dare (doc. 33).  However, Defendant cites to no new evidence that the Court has not already considered in rendering the decision Defendant now challenges.  Defendant further shows no change in controlling law, and its citation to the <u>Carson</u> decision provides no persuasive basis for the Court to revisit its ruling.  The Court finds no clear error that works a manifest injustice in allowing a jury to determine the timing of the decision regarding Plaintiff's termination.  Record evidence shows Defendants knew Plaintiff intended to exercise his protected right to protest alleged age discrimination.  He was fired shortly after expressing such intention.  Surely a jury might find otherwise, but a jury could find a viable retaliation claim.  As such, the Court does not find Defendant's motions well-taken.

      Accordingly, the Court DENIES Defendant's Motion for Reconsideration (doc. 30), and Defendant's Motion for Leave to File Supplemental Authority (doc. 31).


SO ORDERED.


Dated: March 29, 2011        <u>s/S. Arthur Spiegel        </u>
                                      S. Arthur Spiegel
                                      United States Senior District Judge